**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| DIEGO CAMPOVERDE, | : | |
| | : | Civil Action No. 16-3305 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COMMISSIONER GARY M. | : | |
| LANIGAN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WIGENTON**, District Judge:

Currently before the Court are the complaint and amended complaint of Plaintiff, Diego Campoverde.[1]   (ECF No. 1, 4).   As Plaintiff has now paid the applicable filing fee and is a prisoner seeking to bring claims against prison officials, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.   Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune.   For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted.

---

[1] Although amended complaints generally replace a plaintiff's original complaint, where dealing with a pro se Plaintiff, the Court is required to read the pro se Plaintiff's pleadings liberally, and may construe an amended complaint together with the original as setting forth all of the Plaintiff's claims, especially where there is no clear indication of an intention to entirely replace the original.   *See, e.g., Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 462 n. 9 (D.N.J. 2012).   Because there are some factual allegations which are only present in the original complaint, and others only present in the amended complaint, this Court construes the two together as setting forth the entirety of Plaintiff's claims.

## I.  BACKGROUND

Plaintiff, Diego Campoverde, is a convicted state prisoner currently incarcerated at East Jersey State Prison in Rahway, New Jersey.  (ECF No. 1 at 2).  As Defendants in this matter, Plaintiff names Gary Lanigan, the commissioner of the New Jersey Department of Corrections; Patrick Nogan, the administrator of the prison; Helen Adams, the assistant administrator of the prison; Robert Rose, the assistant superintendent of the prison; and Anthony Degner, who is also an assistant superintendent at East Jersey State Prison.  (*Id.*).  Plaintiff's claims arise out of an event which occurred at some unknown point in the past in which a "mentally disturbed inmate was allowed to retain a weapon and seriously slash/cut [Plaintiff's] face, which left a permanent scar[] of physical, emotional and psychological trauma."  (*Id.* at 3).  Plaintiff further alleges that his attacker had "a well[-]documented history of mental illness [which went] untreated after several attacks on other inmates."  (*Id.*).  Plaintiff provides no further elaboration on this alleged history of mental illness or attacks on other inmates.  Although Plaintiff alleges that his injuries were the result of the policies and practices put into place by Defendants, and that Defendants did not exhibit due care towards Plaintiff in failing to train their unidentified subordinates, Plaintiff has identified no policy or practice that actually resulted in the attack upon his person.  (*Id.* at 3-6).  Plaintiff also alleges in his complaint that he sought psychological care for emotional problems he suffered after his attack, but was unsatisfied with the treatment he received.  (*Id.* at 3-4).  Plaintiff does not identify what psychological harm he actually suffered other than to say he has had nightmares, and provides no information as to how Defendants actually prevented him from receiving psychological care other than to insist that they were deliberately indifferent.  (*Id.*).

Plaintiff filed an amended complaint in this matter on July 21, 2016.  In his amended

2

complaint, Plaintiff essentially repleads the same claims discussed above.    Plaintiff does,

however, provide some more detail regarding the attack he suffered.    Plaintiff explains, however,

that the attack he suffered occurred on July 14, 2015.  (ECF No. 4 at 11-12).   On that date,

Plaintiff contends he was attacked by an inmate named Faddoul who destroyed some of his

personal belongings, stated he would kill Plaintiff, and then attacked Plaintiff in the prison barber

shop.   (*Id.*).    An Officer Decaro saw Plaintiff and interrupted the attack, calling for medical help

before Faddoul could more seriously injure Plaintiff.    (*Id.*).    Plaintiff further states that he

received fifteen stitches for his facial injuries.   (*Id.*).    Although Plaintiff again asserts that the

prison supervisors should have been aware of Faddoul's mental illness based on other unspecified

incidents, Plaintiff again fails to provide any details as to the alleged mental illness or these alleged

prior incidents.   (*Id.* at 12).    In support of his claim, however, Plaintiff attaches to his complaint

a letter sent from a private attorney named Jean Ross to several DOC officials including Patrick

Nogan and Stephen Johnson, in which Ross alleges that the officials should be aware of prior

issues with Faddoul, and notes that Faddoul has been transferred.   (*Id.* at 13).    That letter,

however, is dated nearly a month *after* the attack on Plaintiff.   (*Id.*).    Plaintiff also attaches to his

amended complaint medical records documenting his injury, and inmate remedy requests where

he told prison officials that he was having "sleepless nights."   (*Id.* at 14-25).

## II.  DISCUSSION

### A.  Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is a convicted state prisoner who raises claims against state employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Fair Wind Sailing, Inc. v. Dempster*,

---

[2]     "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se*

pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their

complaints to support a claim."   *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.

2013) (citation omitted) (emphasis added).

## B.   Analysis

Plaintiff seeks to make claims against defendants for alleged violations of his Fourteenth

and Eighth Amendment rights pursuant to 42 U.S.C. § 1983.   "To establish a claim under 42

U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or

laws of the United States that was committed by a person acting under the color of state law."

*Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F.

App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress

violations of federal law committed by state [actors]").   "The first step in evaluating a section

1983 claim is to 'identify the exact contours of the underlying right said to have been violated'

and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"

*Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).

Here, Plaintiff asserts three § 1983 claims: a claim for failure to protect arising under the Eighth

Amendment, an Eighth Amendment claim for deliberate indifference to medical needs, and a

claim that Defendants failed to provide him equal protection in violation of the Fourteenth

Amendment.   Plaintiff also states an intention to bring a state law claim for "bre[a]ch of

security."   (ECF No. 1 at 6).

Turning first to Plaintiff's failure to protect claim, Plaintiff has failed to plead adequate facts to state a claim for relief under the Eighth Amendment.   As the Third Circuit has explained,

> [w]hile the Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners," not every prisoner-inflicted injury amounts to a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 833–34[] (1994).   To state a failure-to-protect claim, a prisoner "must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir.2012) (citing *Farmer*, 511 U.S. at 834[]).   An official acts with deliberate indifference when he or she knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837[].   It does not matter "whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Id.* at 843[].

*Parkell v. Markell*, 622 F. App'x 136, 139 (3d Cir. 2015).

Because Plaintiff's claims are raised only against supervisory defendants, rather than any guards or staff who were present at the time of the attack, Plaintiff's claims face a further hurdle. Under § 1983, a claim for supervisory liability, be it for failure to protect, denial of equal protection, or deliberate indifference to medical needs, may not be premised solely on a respondeat superior theory of liability asserting that the supervisor is vicariously liable for the actions of his subordinates.   *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).   A "defendant in a civil rights action must have personal involvement in the alleged wrongs" and a plaintiff must therefore plead a supervisory defendant's involvement in the alleged violation through means other than vicarious liability. *Rode*, 845 F.2d at 1207-08.   Generally, this requires the plaintiff to show each supervisor's

6

participation by pleading either that the supervisor's "establishment of policies, practices or

customs . . . directly caused the constitutional violation[,] personal liability based on the

supervisor participating in the violation of [the p]laintiff's right, [that the supervisor] direct[ed]

others to violate [the p]laintiff's rights, or [that the supervisor had actual] knowledge of and

acquiesc[ed] to a subordinate's conduct."   *Doe v. New Jersey Dep't of Corr.*, Civil Action No.

14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med.,*

*Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)); *see*

*also Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 Plaintiff pleading

supervisory liability must establish defendant's "participation [in the alleged wrong], or actual

knowledge and acquiescence, to be liable").

    In this matter, Plaintiff has failed to plead a supervisory liability claim for failure to

protect.   Even if this Court were to assume that Plaintiff's assertion that his attacker had

previously attacked others and had a mental illness was sufficient to show that Plaintiff was

incarcerated under sufficiently dangerous circumstances, Plaintiff has failed to provide any basis

for this Court to infer that Defendants were actually aware of that situation, let alone deliberately

indifferent to it.   Indeed, the only information provided to support the contention that

Defendants should have been aware of the inmate's issues was a letter submitted by a private

attorney about a month after the attack on Plaintiff, and that letter provides no specific details

regarding the alleged other incidents caused by this inmate, and could very well be referring to

the attack on Plaintiff himself in stating that this inmate has previously attacked and destroyed

the property of other prisoners.   Plaintiff has thus failed to show Defendants direct involvement

in the harm here as he has not pled facts, rather than unsupported assertions, showing that any of

7

the named Supervisors were sufficiently aware of the danger to Plaintiff that they could have

been deliberately indifferent to the risk posed by Plaintiff's attacker, and has failed to state a

claim for failure to protect.   *Parkell*, 622 F. App'x at 139; *see also Iqbal*, 556 U.S. at 678

(unadorned conclusions or bald assertions insufficient to state a claim for relief); *see also Natale*

*v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (deliberate indifference

requires a defendant knew of and consciously disregarded an excessive risk to an inmate's health

or safety).

Plaintiff has likewise provided no factual support for his assertion that Defendants

enacted a policy or practice which resulted in the attack as Plaintiff has neither alleged facts

which would show that the policies in place were insufficient to protect him and that Defendants

thus had a requirement to adopt new policies, nor alleged that Defendants adopted a policy or

practice that actually resulted in the attack. Plaintiff identifies no actual policies or practices

which resulted in the harm alleged, nor does he explain his conclusory allegation that Defendants

failed to train their subordinates.   Given that the only subordinate mentioned in Plaintiff's

complaints is a guard who immediately called for help upon seeing Plaintiff under attack, that

assertion seems especially dubious.   Plaintiff thus fails to provide anything but conclusory

allegations as to Defendants' supervisory liability, and utterly fails to plead facts indicating

deliberate indifference, and his failure to protect claims must be dismissed.   *Parkell*, 622 F.

App'x at 139; *see also Iqbal*, 556 U.S. at 678.

Plaintiff next asserts that Defendants were deliberately indifferent to his psychiatric needs

following the attack.   In order to establish a claim for deliberate indifference to medical needs, a

plaintiff must allege "(i) a serious medical need and (ii) acts or omissions by prison officials that

indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582.   Deliberate indifference requires that the defendant "knows of and disregards an excessive risk to inmate health or safety."   *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).   A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988).

Plaintiff does not allege that his physical wounds were not treated, but instead asserts that he has not received sufficient treatment for his psychological trauma resulting from his attack. Because Plaintiff's alleged wounds are psychological, Plaintiff has certainly not pled a medical need so obvious that it would be easily recognized without a doctor.   Plaintiff has likewise failed to plead that he has received any diagnosis of a psychological nature following the attack, nor has he alleged that he suffers from one yet to be diagnosed.   He states only that he suffers from nightmares and believes he needs further treatment, and submits documents showing he told prison officials that he had trouble sleeping.   Plaintiff provides no information about the treatment he may have received.   Given these factual allegations, Plaintiff has neither pled a sufficiently serious medical need, nor any basis for concluding that the named Defendants, all of whom are supervisors, had any reason to be aware of Plaintiff's medical needs other than non-specific sleeping problems, let alone that they were sufficiently aware of a serious risk to Plaintiff's mental health such that they could be said to have actually been deliberately indifferent to Plaintiff's medical needs.   Plaintiff has thus failed to state such a claim against

Defendants. *Natale*, 318 F.3d at 582. Plaintiff's conclusory allegation of deliberate indifference is insufficient to repair these deficiencies. *Iqbal*, 556 U.S. at 678.

Plaintiff's final § 1983 claim is a claim for an alleged violation of equal protection. Regarding this claim, Plaintiff provides little more than a bald assertion that he was treated differently from other inmates who were similarly situated. A plausible claim for a violation of equal protection requires that a plaintiff allege that he is "a member of a protected class and was treated differently from [others not belonging to that class], or [that] he belongs to a 'class of one' and was treated differently from others similarly situated without any rational basis for the difference in treatment." *Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016 (D.N.J. Dec. 28, 2015) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000)). Plaintiff does not plead that he was a member of a protected class, nor does he plead how he was treated differently from others similarly situated. Plaintiff presents nothing more than an unadorned, unsupported conclusion that he was treated differently from others similarly situated. Plaintiff provides no facts suggesting how he was treated differently from others in similar circumstances. Indeed, Plaintiff provides no specific factual allegations to support his assertion that there are any others similarly situated. Plaintiff has thus failed to plead a plausible claim for relief for a violation of equal protection.

Thus, all of Plaintiff's federal claims must be dismissed without prejudice for failure to state a claim for which relief may be granted. As this Court will dismiss all claims over which it has original jurisdiction, this Court will in turn decline to extend supplemental jurisdiction over Plaintiff's undefined state law claim for breach of security. *See* 28 U.S.C. § 1367(c)(3). This

10

Court will thus dismiss Plaintiff's complaint and amended complaint without prejudice in their entirety.

## III. CONCLUSION

For the reasons stated above, Plaintiff's complaint and amended complaint shall be DISMISSED WITHOUT PREJUDICE in their entirety for failure to state a claim upon which relief may be granted.   An Appropriate order follows.


July 26, 2016                                    _*s/ Susan D. Wigenton*_____
                                                 Hon. Susan D. Wigenton,
                                                 United States District Judge