***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DIEGO CAMPOVERDE, | : | |
| | : | Civil Action No. 16-3305 (SDW) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| COMMISSIONER GARY M. LANIGAN, et al., | : | |
| Defendants. | : | |

**WIGENTON**, District Judge:

IT APPEARING THAT:

1. On June 7, 2016, Plaintiff filed his original complaint in this matter. (ECF No. 1). Following the denial of his application to proceed *in forma pauperis* (ECF No. 2), Plaintiff paid the appropriate filing fee and filed an amended complaint. (ECF No. 4). In his complaints, which this Court construed together, Plaintiff essentially asserted failure to protect, deliberate indifference to mental health, and equal protection claims against several supervisors at East Jersey State Prison and the New Jersey Department of Corrections ("DOC") arising out of his being attacked by another inmate who Plaintiff alleged had a history of mental illness. (ECF No. 1, 4).

2. On July 26, 2016, this Court entered an Order and Opinion screening Plaintiff's complaints pursuant to 28 U.S.C. § 1915A, and dismissing them without prejudice for failure to state a claim for which relief could be granted. (ECF No. 5-6).

3. On August 18, 2016, Plaintiff filed a proposed second amended complaint. (ECF No. 7). In his second amended complaint, Plaintiff does not re-plead his claims in their entirety, but merely seeks to supplement his original factual allegations in an attempt to state a claim for relief for both failure to protect and deliberate indifference to medical needs against the same supervisory Defendants. (*Id.*). Plaintiff does not appear to be reasserting his equal protection claim based on the added factual materials. (*Id.*).

4. Because Plaintiff is merely supplementing his original allegations, and because this Court has previously summarized the factual allegations in Plaintiff's first two complaints in its original screening opinion (ECF No. 5 at 2-3), this Court need only briefly summarize the new materials Plaintiff has provided for the purposes of this memorandum. In his second amended complaint, Plaintiff alleges that it is the stated purpose of the NJ DOC to operate a safe and humane correctional facility through "effective supervision, proper classification, appropriate treatment of offenders and by providing services that promote successful reentry into society." (ECF No. 7 at 4). Plaintiff further presents several conclusory allegations which essentially assert that had the DOC and prison been faithfully serving that purpose, the attack on him never would have occurred. (*Id.* at 4-7). Plaintiff does not identify what Defendants knew or should have known, nor what they did or should have done to prevent the attack in question, nor any facts establishing that they were aware of the mental status of Plaintiff's attacker prior to that attack. (*Id.*). Instead, Plaintiff once again merely presents a letter sent to some of the Defendants *after* the attack he suffered to suggest that they should have known the attacker was

2

dangerous.[1]  (*Id.* at 10).

5.  In addition to his conclusory allegations regarding the goals of the prison and DOC, Plaintiff also provides medical records in support of his allegations that Defendants were deliberately indifferent to his medical needs.  These medical records, however, discuss only Plaintiff's physical injury – a scar to his face – which Plaintiff acknowledges was properly treated by the prison's medical staff and a local hospital.  (*Id.* at 9, 11-19).  As to his allegedly "untreated" medical issues, Plaintiff once again characterizes them as "nightmares, sleeplessness, and other psychological trauma."  (*Id.* at 9).  Although Plaintiff does not elaborate on this alleged psychological harm, he does state that, following the attack, he was seen by a psychologist for therapy and treatment on five occasions between November 2015 and January 2016.  (*Id.* at 8).

6.  As this Court explained in its previous opinion, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A because Plaintiff is a prisoner who is suing state employees.  Under that statute, this Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. §

---

[1] The letter is dated August 5, 2015 (ECF No. 7 at 10), whereas Plaintiff's attached medical records indicate he was treated for the attack on July 14, 2015.  (*Id.* at 15-18).

3

1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. In his proposed amendment, Plaintiff seeks to reassert two of his claims – one for failure to protect and one for deliberate indifference to his psychological needs, both arising under the Eighth Amendment and brought pursuant to 42 U.S.C. § 1983.

8. Turning first to Plaintiff's failure to protect claims, as this Court explained to Plaintiff in its prior screening opinion,

> As the Third Circuit has explained,
>
>> [w]hile the Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners," not every prisoner-inflicted injury amounts to a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 833–34[] (1994).

> To state a failure-to-protect claim, a prisoner "must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir.2012) (citing *Farmer*, 511 U.S. at 834[]).  An official acts with deliberate indifference when he or she knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837[]. It does not matter "whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."  *Id.* at 843[].

*Parkell v. Markell*, 622 F. App'x 136, 139 (3d Cir. 2015).

Because Plaintiff's claims are raised only against supervisory defendants, rather than any guards or staff who were present at the time of the attack, Plaintiff's claims face a further hurdle.  Under § 1983, a claim for supervisory liability, be it for failure to protect, denial of equal protection, or deliberate indifference to medical needs, may not be premised solely on a respondeat superior theory of liability asserting that the supervisor is vicariously liable for the actions of his subordinates.  *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  A "defendant in a civil rights action must have personal involvement in the alleged wrongs" and a plaintiff must therefore plead a supervisory defendant's involvement in the alleged violation through means other than vicarious liability. *Rode*, 845 F.2d at 1207-08.  Generally, this requires the plaintiff to show each supervisor's participation by pleading either that the supervisor's "establishment of policies, practices or customs . . . directly caused the constitutional violation[,] personal liability based on the supervisor participating in the violation of [the p]laintiff's right, [that the supervisor] direct[ed] others to violate [the p]laintiff's rights, or [that the supervisor had actual] knowledge of and acquiesc[ed] to a subordinate's conduct."  *Doe v. New Jersey Dep't of Corr.*, Civil Action No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)); *see also Tenon v. Dreibelbis*, 606 F. App'x 681,

> 688 (3d Cir. 2015) (§ 1983 Plaintiff pleading supervisory liability must establish defendant's "participation [in the alleged wrong], or actual knowledge and acquiescence, to be liable").

(ECF No. 5 at 6-7).

9. In his second amended complaint, Plaintiff once again fails to state a plausible claim for relief for failure to protect against the named supervisory Defendants. As before, Plaintiff has once again failed to plead any factual allegations which would suggest that Defendants, all of whom are supervisors, were or should have been aware of the alleged danger posed by Plaintiff's attacker. Likewise, that Plaintiff provides a letter written *after* the attack upon him does nothing to solve that problem as it does not address the relevant question – whether Defendants were or should have been aware of a danger posed to Plaintiff to which they were then deliberately indifferent. Plaintiff's second amended complaint also lacks any factual allegations which, if true, would suggest that Defendants were deliberately indifferent to the danger posed by Plaintiff's attacker even if one granted that said attacker could be construed to present a serious danger to Plaintiff. As Plaintiff's three complaints, even when read together, fail to contain anything but conclusory allegations to support the assertions that the named Supervisor Defendants were aware of, and in turn, deliberately indifferent to, a serious danger to Plaintiff, Plaintiff's failure to protect claim continue to fail to state a claim for relief and must once again be dismissed without prejudice.

10. Turning to Plaintiff's deliberate indifference to medical needs claim, this Court has previously explained that

> [i]n order to establish a claim for deliberate indifference to medical needs, a plaintiff must allege "(i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference

6

> to that need." *Natale*, 318 F.3d at 582. Deliberate indifference requires that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988).

(ECF No. 5 at 8-9).

11. As in his previous complaint, Plaintiff does not assert that his physical injuries were not treated, instead he relies on his assertion that his alleged psychological issues were instead not treated. Plaintiff, however, does nothing to elaborate on the nature of this alleged trauma – once again referring to it as including sleep issues and nightmares, but providing little to no information as to what if any mental illness resulted from the attack. Although Plaintiff does allege he was seen by a psychologist, Plaintiff provides no information as to any diagnosis that may have been made, nor any information about the treatment the psychologist provided. Thus, that he was seen five times by the psychologist, rather than supporting his claims, instead suggests that he did receive treatment for his psychological issues, which cuts against a claim that prison officials were deliberately indifferent to those issues. Ultimately, Plaintiff fails to address the deficiency raised in the prior screening opinion: he has not pled that he suffers from a sufficiently serious medical/psychiatric issue as he has neither provided that he has been diagnosed with mental health problems nor that he suffers from a patently obvious serious medical need. Plaintiff likewise fails to present any facts which would establish that the named supervisors were or should have been aware of any psychological harm he suffered, and thus fails to plead sufficient facts to permit an inference that they were deliberately indifferent to his

needs regardless of their seriousness.  As such, Plaintiff has once again failed to plead a deliberate indifference to medical needs claim, and that claim must be dismissed without prejudice.

     12.   In conclusion, this Court must once again dismiss all of Plaintiff's claims without prejudice for failure to state a claim for which relief may be granted.   An appropriate order follows.

September 15, 2016                                                *s/ Susan D. Wigenton*
                                                                               Hon. Susan D. Wigenton,
                                                                               United States District Judge