*NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| DIEGO CAMPOVERDE, | : | |
| | : | Civil Action No. 16-3305 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COMMISSIONER GARY M. | : | |
| LANIGAN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WIGENTON**, District Judge:

Currently before the Court is the most recent amended complaint of Plaintiff, Diego Campoverde.  (ECF No. 10).   As Plaintiff is a prisoner seeking to bring claims against prison officials, this Court is once again required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune.   For the reasons set forth below, this Court will again dismiss Plaintiff's complaint without prejudice for failure to state a claim for which relief may be granted.

## I.  BACKGROUND

As this Court has previously summarized the basic facts underlying Plaintiff's claims, and as those facts have not meaningfully changed in Plaintiff's new amended complaint, only a brief summary of Plaintiff's claims is necessary for the purposes of this opinion.   Plaintiff's claims arise out of his being attacked by another inmate, named Faddoul, resulting in Plaintiff receiving

a long cut across his face, and Plaintiff being taken to the hospital for treatment, resulting in several stitches and emotional pain for Plaintiff.   Plaintiff asserts that, on July 24, 2015, "for no apparent reason" inmate Faddoul entered his cell, destroyed some of his property, and then started to look for Plaintiff stating that he wanted to kill him.   (ECF No. 10 at 2).   Plaintiff states that Faddoul then hid in the prison barber shop, and then jumped out and attacked Plaintiff with a weapon, resulting in the cuts he suffered.   (*Id.*).   Senior Correctional Officer Decaro, the only named Defendant with any actual involvement in the events in question, then came upon the scene, "saw [P]laintiff bleeding and called a code 53 (Medical Emergency)."   (*Id.* at 3).   Plaintiff was then taken to the infirmary, and ultimately the hospital for treatment.   (*Id.*).   Although Plaintiff states that Decaro should have called a security emergency to summon other officers to aid in preventing the incident from escalating, he pleads no facts suggesting that the incident continued or in any way escalated after the medical code was called.   (*Id.*).

As in his previous complaints, Plaintiff continues to assert that Faddoul was dangerous because of unknown mental issues.   Although Plaintiff asserts that these issues should have been known to the supervisor Defendants, Plaintiff fails to identify any previous assaults undertaken by Faddoul, nor does he plead any other incidents involving Faddoul attacking, threatening, or endangering Plaintiff or anyone else in his complaint.   Instead, Plaintiff attaches to his complaint a letter written by an outside attorney *after* the attack upon Plaintiff to suggest that Faddoul had a history of attacks, and a letter from another inmate stating that, in 2010, Faddoul sprayed a few inmates with a wet substance, was splashed with coffee by this third inmate, and that the third inmate received charges for assaulting Faddoul at that time.   (ECF No. 13-15).   Plaintiff otherwise attempts to connect the supervisor Defendants solely by pleading that they had access

2

to Faddoul's medical records and should have known he was dangerous, or by stating that they should have better trained staff to protect Plaintiff.

## II.  DISCUSSION

### A.  Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is a convicted state prisoner who raises claims against state employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS*

---

[1]      "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."   *Fair Wind Sailing, Inc. v. Dempster*,

764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se*

pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their

complaints to support a claim."   *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.

2013) (citation omitted) (emphasis added).


**B.  Analysis**

      Plaintiff seeks to make claims against defendants for alleged violations of his Eighth

Amendment rights pursuant to 42 U.S.C. § 1983.   "To establish a claim under 42 U.S.C. § 1983,

a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the

United States that was committed by a person acting under the color of state law."   *Nicini v.

Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x

177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress

violations of federal law committed by state [actors]").   "The first step in evaluating a section

1983 claim is to 'identify the exact contours of the underlying right said to have been violated'

and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"

*Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).

Here, Plaintiff asserts that all Defendants failed to protect him from an assault by another inmate in violation of his Eighth Amendment rights.[2]

As this Court has previously explained to Plaintiff,

As the Third Circuit has explained,

> [w]hile the Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners," not every prisoner-inflicted injury amounts to a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 833–34[] (1994). To state a failure-to-protect claim, a prisoner "must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir.2012) (citing *Farmer*, 511 U.S. at 834[]). An official acts with deliberate indifference when he or she knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837[]. It does not matter "whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Id.* at 843[].

*Parkell v. Markell*, 622 F. App'x 136, 139 (3d Cir. 2015).

Because Plaintiff's claims are raised only against supervisory defendants, rather than any guards or staff who were present at the time of the attack, Plaintiff's claims face a further hurdle. Under § 1983, a claim for supervisory liability . . . may not be premised solely on a respondeat superior theory of liability asserting that the supervisor is vicariously liable for the actions of his subordinates. *See Iqbal*, 556 U.S. at 676; *see also Rode v.*

---

[2] In his previous complaints, Plaintiff attempted to assert other claims, including a claim for failure to treat unspecified mental problems resulting from the attack. Those claims were dismissed without prejudice. Plaintiff does not appear to be re-alleging those claims in his current complaint.

> *Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).   A
> "defendant in a civil rights action must have personal involvement
> in the alleged wrongs" and a plaintiff must therefore plead a
> supervisory defendant's involvement in the alleged violation
> through means other than vicarious liability.   *Rode*, 845 F.2d at
> 1207-08.   Generally, this requires the plaintiff to show each
> supervisor's participation by pleading either that the supervisor's
> "establishment of policies, practices or customs . . . directly caused
> the constitutional violation[,] personal liability based on the
> supervisor participating in the violation of [the p]laintiff's right,
> [that the supervisor] direct[ed] others to violate [the p]laintiff's
> rights, or [that the supervisor had actual] knowledge of and
> acquiesc[ed] to a subordinate's conduct."   *Doe v. New Jersey Dep't
> of Corr.*, Civil Action No. 14-5284, 2015 WL 3448233, at *9
> (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*,
> 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135
> S. Ct. 2042 (2015)); *see also Tenon v. Dreibelbis*, 606 F. App'x 681,
> 688 (3d Cir. 2015) (§ 1983 Plaintiff pleading supervisory liability
> must establish defendant's "participation [in the alleged wrong], or
> actual knowledge and acquiescence, to be liable").

(ECF No. 5 at 6-7; ECF No. 9 at 4-6).

   Plaintiff's current amended complaint fails to adequately address the deficiencies this
Court has twice identified in Plaintiff's prior complaints, specifically he has failed to plead facts
showing that the named Defendants were deliberately indifferent in so much as he has failed to
present any facts showing that Defendants knew or should have known that Faddoul was a
danger to either Plaintiff specifically or to other inmates in general.   Plaintiff himself states that
the attack upon him essentially occurred without reason, and thus was not any result of any
danger Faddoul presented to Plaintiff specifically.   Although Plaintiff states that Faddoul stated
that he would kill Plaintiff during the incident, he does not state that the only named Defendant
who arrived on scene, Decaro, actually heard these threats, instead stating that when Decaro
observed Plaintiff bloodied, he immediately called an emergency code, albeit not the one

Plaintiff would have preferred.   Plaintiff has pled no facts establishing that Decaro's call of a medical rather than security code resulted in further harm, and thus Plaintiff has failed to show that Decaro himself was deliberately indifferent.

As to the remaining supervisory Defendants, Plaintiff states only that they should have known Faddoul was dangerous because of his psychiatric records and history.   Plaintiff, however, fails to allege any prior incidents involving Faddoul in which Faddoul actually harmed any other inmates, instead relying on a letter submitted after his attack by an outside attorney, which may actually be referring to the attack upon Plaintiff when referring to Faddoul.   The only other support Plaintiff offers for his conclusory allegation that Faddoul was a known problem is a letter from another inmate detailing an incident five years before the attack on Plaintiff in which Faddoul got another inmate wet and was then assaulted by that inmate by being splashed with hot coffee.   Nothing in this incident would suggest that Faddoul was any more than a nuisance, and certainly this incident is insufficient to show that Defendants should have known that Faddoul was a "substantial risk" to Plaintiff's health or safety.   Plaintiff has failed to plead any facts sufficient to permit this Court to infer that Defendants should have known Faddoul to be a substantial risk to others, and has thus failed to plead a direct claim for failure to protect against any of the named Defendants.

To the extent that Plaintiff attempts to raise a claim for failure to train subordinates, Plaintiff has likewise failed to plead a claim against the supervisory Defendants.   Plaintiff simply asserts that, had the officers at the prison been better trained, the assault against him would not have occurred.   But here, too, Plaintiff fails to suggest how, other than the calling of a different emergency code, the officers could have aided him.   Plaintiff likewise fails to present

any facts showing that Defendants knew or should have known that the current level of training that officers received was inadequate, which is generally required to make out a claim based on a failure to train subordinates.   *See Barkes*, 766 F.3d at 330; *Sample v. Diecks*, 885 F.2d 109 (3d Cir. 1989).   Without factual allegations showing a pattern or practice, or facts otherwise showing that the policies and training in place created an unreasonable risk of a constitutional violation, Plaintiff's failure to train and policy related failure to protect claims fail to state a claim for relief against the remaining supervisor Defendants.   *Barkes*, 766 F.3d at 330. Plaintiff has thus failed to state a claim for relief as to the Defendants other than Decaro as well.

As a final note, Plaintiff in his amended complaint repeatedly insists that this Court permit him to have a hearing and permit him to insist that the prison provide him discovery including reports, medical records of Faddoul, and the like, in order to better aid him in pleading his claims.   Plaintiff's requests for discovery related relief, however, are patently premature. Until such time as Plaintiff pleads an adequate claim for relief, this Court is required to screen his complaint prior to permitting service pursuant to § 1915A.   An order directing Defendants to make initial disclosures, or to otherwise respond to Plaintiff's request for discovery prior to Plaintiff proceeding beyond screening and service of process would be entirely improper, and Plaintiff is not entitled to discovery at this time.   *See, e.g.,* Fed. R. Civ. P. 26(a)(1)(c); 26(d)(1) (initial discoveries need not be submitted and other discovery may not be sought until after the initial Rule 26(f) conference, which occurs after service of process).   Plaintiff's request that he be permitted to engage in discovery or otherwise receive a hearing on his discovery requests is thus denied.

8

**III. CONCLUSION**

For the reasons stated above, Plaintiff's complaint shall again be DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim for which relief may be granted.   An Appropriate order follows.


___<i><b>s/ Susan D. Wigenton</b></i>___

Dated: November 10, 2016                         Hon. Susan D. Wigenton,
                                                 United States District Judge