NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 15, 2018

Diego Campoverde
SBI#867802C
East Jersey State Prison
Lock Bar R
1100 Woodbridge Avenue
Rahway, New Jersey 07065
*Pro se Plaintiff*

Kai Wendell Marshall-Otto
Office of the Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    **Campoverde v. Lanigan, et al.**
           **Civil Action No. 16-3305 (SDW) (LDW)**

Litigants:

Before this Court is *pro se* Plaintiff Diego Campoverde's ("Plaintiff") appeal from Magistrate Judge Steven C. Mannion's ("Judge Mannion") July 2, 2018 Letter Order, which denied Plaintiff's Motion for the Appointment of Pro Bono Counsel. This Court, having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **AFFIRMS** the July 2, 2018 Letter Order.

### I.    BACKGROUND AND PROCEDURAL HISTORY

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant motion.

On June 7, 2016, Plaintiff filed his Complaint along with an application to proceed *in forma pauperis*. (ECF No. 1.) On June 20, 2016, this Court denied Plaintiff's application without prejudice because it was incomplete. (ECF No. 2.) Specifically, Plaintiff failed to submit a certified account statement as required under 28 U.S.C. § 1915(a)(2). (*Id.* at 2-3.) This Court administratively terminated the case and informed Plaintiff that should he wish to reopen the suit, he should notify the Clerk of the Court in writing and provide "either (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee[.]" (*Id.* at 3.) In July 2016, Plaintiff paid the $400 fee and the case was reopened. (*See* ECF No. 3.)

On December 11, 2017, Plaintiff filed his first Motion for the Appointment of Pro Bono Counsel, which Judge Mannion denied on December 20, 2017. (ECF Nos. 28-29.) Plaintiff did not move to reconsider or appeal. On June 4, 2018, Plaintiff filed his second Motion for the Appointment of Pro Bono Counsel. (ECF No. 47.) Judge Mannion issued a Letter Order on July 2, 2018 denying Plaintiff's motion, which Plaintiff now moves to appeal. (ECF Nos. 52, 55-56.) Plaintiff's Motion to Appeal is unopposed.

## II.     STANDARD OF REVIEW

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a Magistrate Judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). This Court conducts a *de novo* review of legal conclusions. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

## III.    DISCUSSION

Judge Mannion's July 2, 2018 Letter Order explains that a litigant may be appointed counsel if he has been permitted to proceed *in forma pauperis*, and that Plaintiff's application for such status had been denied. (July 2, 2018 Letter Order at 2.) Plaintiff appeals from that Letter Order on the basis that the magistrate judge may have overlooked Plaintiff's application to proceed *in forma pauperis*, which was submitted with his Motion for the Appointment of Pro Bono Counsel. (ECF No. 56 at 1, 6.)

In civil matters, litigants do not have a Constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v.*

*Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In exercising that discretion, a court first assesses whether the presented claims have merit; where a plaintiff presents meritorious claims and has shown his indigence, the court must weigh the relevant factors to determine whether counsel should be appointed. *Tabron*, 6 F.3d at 155-57. Those factors include the litigant's ability to present his case, the complexity of the legal issues involved, the degree to which factual investigation will be necessary and the plaintiff's ability to conduct such an investigation, the litigant's ability to retain counsel on his own behalf, the extent to which the case turns on credibility, and whether expert testimony will be required to resolve the case. *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011); *Tabron*, 6 F.3d at 155-57. These factors are not exhaustive of all those a court may consider, and courts are free to consider any other relevant factors in making its determination. *Montgomery*, 294 F.3d at 499.

Upon consideration of the relevant factors, this Court finds that appointment of counsel is not warranted at this time. The issues in this case are not overly complex in so much as Plaintiff is alleging that a correctional officer failed to protect him from being assaulted by another inmate. (Fourth Am. Compl., ECF No. 13; *see also* Screening Order, ECF No. 14.) Plaintiff clearly understands the nature of the claims he wishes to present, and it appears that he will be capable of representing himself going forward. Notwithstanding the credibility issues that will likely arise, Plaintiff states that he has obtained declarations from other inmates who were present at the time he was assaulted. (ECF No. 56-1 at 7.) Though Plaintiff has expressed a desire to retain an expert witness to review his medical and mental health records to determine damages, (*Id.*), the need for expert testimony is not apparent at this time. *See Lasko v. Watts*, 373 F. App'x 196, 202 (3d Cir. 2010) (clarifying that Third Circuit precedent does not require "the appointment of counsel in every case in which expert testimony may be warranted"). Based on the foregoing, the fact that Plaintiff included an application to proceed *in forma pauperis* with his Motion for the Appointment of Pro Bono Counsel does not affect the ultimate outcome of said motion. As such, Judge Mannion's July 2, 2018 Letter Order denying appointed counsel was neither clearly erroneous nor contrary to law.

## IV. CONCLUSION

For the reasons set forth above, Judge Mannion's July 2, 2018 Letter Order is **AFFIRMED**. An appropriate Order follows.

/s/ Susan D. Wigenton
SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
　　　Steven C. Mannion, U.S.M.J.