UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIEGO CAMPOVERDE,

        Plaintiff,

v.

COMMISSIONER GARY M. LANIGAN, et al.,

        Defendants.

Civil Action No. 16-3305 (SDW)

**OPINION**

**WIGENTON**, District Judge:

Presently before the Court is Defendant Decato's motion summary judgment brought pursuant to Federal Rule of Civil Procedure 56.[1] (ECF No. 87). Plaintiff filed a response to the motion (ECF Nos. 92-93), to which Defendant replied. (ECF No. 94). Plaintiff also filed several letters, one of which was essentially a sur-reply. (ECF Nos. 95-97). For the following reasons, this Court will grant the motion and dismiss Plaintiff's complaint for failure to exhaust administrative remedies.

**I. BACKGROUND**

In his current complaint, Plaintiff seeks to hold the sole remaining Defendant, SCO Decato, liable for allegedly failing to intervene and protect him from an assault from another inmate which left Plaintiff with significant scars. (*See, e.g.,* ECF No. 13). According to the records submitted

---

[1] Initially, Plaintiff filed his own motion for summary judgment. (ECF No. 88). Plaintiff, however, stated that he wished to withdraw that motion in his letters submitted on March 5, 2019, and March 8, 2019. (*See* ECF Nos. 95-96). Plaintiff's motion is thus deemed withdrawn, and shall be terminated as a separate motion.

by the parties in this matter, following the attack by the other inmate, Plaintiff submitted several inmate remedies related to the attack to prison officials. These inmate remedy forms, filed between July 2015 and August 2016, include a request to speak with the investigating officer in July 2015, which was granted; several requests for either the replacement or return of property taken or damaged during the attack and the following investigation; requests for medical and psychological treatment resulting from the attack, which were forwarded to the appropriate medical departments; and several remedy forms unrelated to the attack. (*See* Document 4 attached to ECF No. 87 at 9-26; ECF No. 97 at 8-14). Plaintiff did not file an administrative appeal of any of the remedy forms he filed which were related to the assault by the other inmate. (Document 4 attached to ECF No. 87 at 4). Likewise, none of Plaintiff's submitted remedy forms specifically mention Officer Decato, and Plaintiff failed to submit any remedy form alleging or complaining about Officer Decato's actions related to the attack by the other inmate.

## II.  DISCUSSION

### A.  Legal Standard

Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is material "if it bears on an essential element of the plaintiff's claim," and is

genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment a district court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *Id.*, but must not make credibility determinations or engage in any weighing of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no genuine issue for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing the motion for summary judgment cannot rest on mere allegations, instead it must present actual evidence that creates a genuine issue as to a material fact for trial." *Serodio*, 27 F. Supp. 3d at 550.

**B. Analysis**

In his summary judgment motion, Defendant argues that Plaintiff failed to exhaust his administrative remedies prior to filing suit, and that Plaintiff's complaint must be dismissed as such. Pursuant to 42 U.S.C. § 1997e, a plaintiff who is incarcerated in prison at the time he seeks

to file a complaint is required to exhaust all available administrative remedies before he may file a federal civil rights suit challenging "prison conditions." *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006). A prisoner is required to meet this exhaustion requirement before filing his complaint "even where the relief sought – [such as] monetary damages – cannot be granted by the administrative process." *Id.*; *see also Booth v. Churner*, 532 U.S. 731, 734 (2001). Where an administrative procedure is available, a plaintiff seeking to challenge prison conditions via a federal civil rights action must fully and properly exhaust his administrative remedies prior to filing suit, and district courts are without authority to excuse a plaintiff's failure to exhaust all available administrative remedies. *Ross v. Blake*, --- U.S. ---, ---, 136 S. Ct. 1850, 1856-57 (2016).

Because Plaintiff's § 1983 failure to protect claim concerns matters of prison life, *see Booth v. Churner*, 206 F.3d 289, 298 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"), and because Plaintiff was a prisoner at the time he filed his complaint, this matter is subject to § 1997e's exhaustion requirement, and Plaintiff's complaint must be dismissed unless he exhausted all available administrative remedies prior to filing his complaint. *See, e.g., Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir 2001).

As this Court has explained,

> "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. A prisoner therefore properly exhausts his administrative remedies only by seeking all available administrative remedies while at least

> substantially complying with the rules and regulations of the applicable administrative body, in this case the state prison system. *Id.* at 90-103; *Small*, 728 F.3d at 272 (completion of the administrative review process "means 'substantial' compliance with the prison's grievance procedures"). In determining whether a prisoner has successfully exhausted, a court must look to the grievance regime of the prison facility to determine what steps are required to fully exhaust, and compliance with those procedures is all that is required to properly exhaust a claim. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Because exhaustion is a threshold issue affecting a plaintiff's entitlement to relief, it is the Court, and not a jury, that determines whether a given plaintiff has properly exhausted his claims, even to the extent of resolving any factual disputes related to the exhaustion issue. *Small*, 728 F.3d at 269-71.
>
> New Jersey's "Inmate Remedy System is a comprehensive system that includes the opportunity for an inmate to submit an 'Inmate Inquiry Form' or 'Inmate Grievance Form' and, in response to the resulting decision or finding, to submit an 'Administrative Appeal.'" N.J. Admin Code § 10A:1-4.4(c) (2018). Exhaustion of administrative remedies therefore requires that a prisoner both submit an inquiry or grievance form, and an administrative appeal of any adverse decision on the inquiry or grievance form. § 10A:1-4.4(d). These remedy forms "must be complete, legible, and include a clear and concise statement" of the prisoner's claim, and "shall contain the full name, [inmate] number and, when required, signature of the inmate submitting the form." § 10A:1-4.4(e). Upon the filing of an inquiry or grievance form, a prisoner will receive a response within fifteen or thirty days respectively as to the two types of forms, unless the coordinator of the prison's grievance system determines more time is needed, in which case the prisoner shall be informed of the need for more time. § 10A:1-4.4(i), 4.5(d). Upon receiving a final response to the form, Plaintiff may file his administrative appeal, within ten calendar days, at which point he will receive a final decision on his appeal within ten further calendar days. § 10A:1-4.6.

*Campbell v. Doe*, No. 12-2750, 2018 WL 4616068, at *3 (D.N.J. Sept. 26, 2018).

Although Plaintiff filed several remedy forms related to the attack he suffered, none of those forms in any way addressed Plaintiff's allegation that Officer Decato failed to intervene in the assault to protect him. Nothing Plaintiff has submitted indicates that he raised this claim.

5

Thus, Plaintiff never filed any administrative grievance regarding the central claim in this matter – the alleged failure of Officer Decato to protect him. Even were this not the case, Plaintiff never perfected his exhaustion of any of the grievance claims he did file as he failed to appeal any and all of the inmate remedy forms he submitted. The record, including Plaintiff's own submissions, thus establishes that Plaintiff failed to exhaust his claims as required by § 1997e.

In his responses to the summary judgment motion, Plaintiff contends that his failure to exhaust should be excused for a variety of reasons. First, he contends that no appeal of his remedy forms was required because he was "satisfied" with the work of the prison's investigation department and its decision to file charges against the inmate who attacked him. Plaintiff contends that his satisfaction equates to exhaustion of his claims. The problem with this assertion is obvious – even if Plaintiff's personal satisfaction with the outcome of his remedy complaint in which he asked to speak with investigative officers was sufficient to amount to exhaustion of a claim – a finding this Court does not make – that remedy form in no way raised any claim against Officer Decato nor sought the relief Plaintiff now seeks in this matter – monetary damages from the officer he alleges failed to protect him. Plaintiff's argument thus falls flat – that he was satisfied with the result of the investigation in the form of charges against the inmate who attacked him and the apparent advice of the investigative officers that Plaintiff could sue the inmate for damages is completely immaterial to the question of whether Plaintiff ever exhausted his claims against Officer Decato, the actual Defendant in this matter. Plaintiff made no attempt to exhaust his failure to protect claim, and thus cannot proceed in this Court on that claim.

Plaintiff also argues that his failure to exhaust should be excused because the prison has not provided him with extensive training as to how to use an electronic grievance system which is

6

in place at the prison, arguing that the machines may be difficult for older inmates to use. This argument ignores the fact that inmates remain free to use the paper remedy system to file their grievances, and are thus in no way required to use the electronic system. Indeed, the inmate handbook for the prison in which Plaintiff was housed extensively details the paper remedy system and the steps for using it to exhaust claims, thus Plaintiff clearly had an alternative avenue available to him if he found the computerized system difficult to use. (*See* Document 4 attached to ECF No. 87 at 6-8). Ultimately, Plaintiff never attempted to even substantially comply with the inmate remedy system to exhaust his failure to protect claim, and his dislike of the computerized system therefore in no way excuses his failure to do so. *Woodford*, 548 U.S. at 90-103; *Small*, 728 F.3d at 272.

Finally, Plaintiff argues that, notwithstanding his "familiarity" with the grievance procedure, the prison's grievance appeal system was "unavailable" to him because the electronic form he used to submit his grievance was different from the paper form described in the inmate handbook and he was thus unaware that he was required to file an appeal to exhaust his claims. The problem with this argument, as addressed above, is that Plaintiff has provided nothing to suggest that he was required to use the kiosk system, and instead the evidence in the record indicates that he was free to instead use the paper grievance system which expressly requires an administrative appeal as part of the exhaustion process. Plaintiff also suggests that the electronic system is too opaque for his tastes, and that he believes that the system is incapable of use and thus unavailable. Even were this Court to accept that Plaintiff had shown that the administrative appeal remedy was unavailable – a fact not supported by the evidence in this matter such as the inmate handbook and certifications which detail that the paper grievance system which was still

apparently available to Plaintiff to use – Plaintiff himself makes it abundantly clear that at least the first step in the electronic grievance system – the initial remedy/grievance filing – was available to Plaintiff and was capable of providing some level of relief insomuch as he used it to secure the interview he requested and was able to address his missing property and psychological needs. Plaintiff never filed an initial remedy form, electronic or otherwise, raising his current failure to protect claim; all of his remedy forms were instead tangential to the injuries he suffered at the hands of the inmate who attacked him and fail to mention Defendant Decato in any way. Thus, Plaintiff failed to even attempt to comply with the portions of the remedy system which were clearly available to him. Plaintiff has not shown that there was no administrative remedy available, and his failure to exhaust his claim against Defendant Decato is thus fatal to his ability to proceed in this Court. As a result, Plaintiff's complaint is dismissed for failure to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e. Defendant's motion for summary judgment is granted.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment (ECF No. 88) is deemed WITHDRAWN, and Defendant's motion for summary judgment (ECF No. 87) is GRANTED. An Appropriate order follows.

Dated: March 28, 2019  *s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge