*NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| DIEGO CAMPOVERDE, | : | |
| | : | Civil Action No. 16-3305 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| COMMISSIONER GARY M. | : | |
| LANIGAN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

IT APPEARING THAT:

1. On March 28, 2019, this Court entered an order and opinion which granted Defendant's motion for summary judgment in this matter and dismissed Petitioner's operative complaint as Plaintiff failed to exhaust his administrative remedies prior to filing suit in this Court as required by 42 U.S.C. § 1997e. (ECF Nos. 98-99).

2. Two months later, Plaintiff filed a letter motion seeking relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and leave to file a new amended complaint. (ECF No. 100). In his motion, Plaintiff argues that Defendant did not provide an accurate copy of the record of his inmate grievances with the summary judgment motion, and that the true record would indicate that Plaintiff did exhaust one of his remedy forms related to the destruction of his television by another inmate. Plaintiff also argues that he should be relieved of the judgment in this matter because, after summary judgment was granted, he filed a new grievance regarding the allegations in his complaint, which he believes now amounts to post hoc exhaustion. (*Id.*). In his reply brief, Plaintiff clarified that he is seeking relief under the theory that Defendant

misrepresented the record, and that he is therefore entitled to be relieved from summary judgment pursuant to Rule 60(b)(3).

3.     Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).  "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987).   In order to warrant relief under Rule 60(b)(3), a Plaintiff must provide "clear and convincing evidence" showing that "the adverse party engaged in fraud or other misconduct, and . . . this conduct prevented the moving party from fully and fairly presenting his case." *Floorgraphics Inc. v. News Am. Marketing In-Store Servs., Inc.*, 434 F. App'x 109, 112 (3d Cir. 2011).

4.     Here, Plaintiff alleges that Defendant's misconduct came in the form of a statement in a certification attached to summary judgment asserting that Plaintiff did not exhaust any of his remedy forms.   Although Plaintiff belatedly presents counter-evidence, it is not clear that the contradiction is the result of fraud or any other form of misconduct.    In any event, even if Plaintiff could show that the conflict was the result of purposeful misconduct on the part of Defendant, he would still not be entitled to relief because the conflict surrounds an issue of no importance – whether Petitioner fully appealed a grievance unrelated to Defendant's failure to protect him from another inmate's assault.

5.     As this Court explained in granting summary judgment,

> Pursuant to 42 U.S.C. § 1997e, a plaintiff who is incarcerated in prison at the time he seeks to file a complaint is required to exhaust

all available administrative remedies before he may file a federal civil rights suit challenging "prison conditions." *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006). A prisoner is required to meet this exhaustion requirement before filing his complaint "even where the relief sought – [such as] monetary damages – cannot be granted by the administrative process." *Id.*; *see also Booth v. Churner*, 532 U.S. 731, 734 (2001). Where an administrative procedure is available, a plaintiff seeking to challenge prison conditions via a federal civil rights action must fully and properly exhaust his administrative remedies prior to filing suit, and district courts are without authority to excuse a plaintiff's failure to exhaust all available administrative remedies. *Ross v. Blake*, --- U.S. ---, ---, 136 S. Ct. 1850, 1856-57 (2016).

Because Plaintiff's § 1983 failure to protect claim concerns matters of prison life, *see Booth v. Churner*, 206 F.3d 289, 298 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"), and because Plaintiff was a prisoner at the time he filed his complaint, this matter is subject to § 1997e's exhaustion requirement, and Plaintiff's complaint must be dismissed unless he exhausted all available administrative remedies prior to filing his complaint. *See, e.g., Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir 2001).

. . . .

Although Plaintiff filed several remedy forms related to the attack he suffered, none of those forms in any way addressed Plaintiff's allegation that Officer Decato failed to intervene in the assault to protect him. Nothing Plaintiff has submitted indicates that he raised this claim. Thus, Plaintiff never filed any administrative grievance regarding the central claim in this matter – the alleged failure of Officer Decato to protect him.

(ECF No. 98 at 3-6).

6. As is clear from this Court's previous opinion, Plaintiff's claim was dismissed for lack of exhaustion not because he did not appeal a grievance regarding the destruction of his property by another inmate, but because he had utterly failed in any way to file a grievance regarding the

alleged failure of Defendant to protect him.   As the alleged misconduct in no way would change

that fact, Plaintiff has not shown that he would be entitled to relief under Rule 60(b)(3) as the

alleged misconduct did not "prevent[ him] from fully and fairly presenting his case."

*Floorgraphics Inc.*, 434 F. App'x at 112.   Regardless of whether the TV grievance was appealed,

it remains clear that Petitioner failed to file any grievance related to the alleged failure to protect

claim prior to filing suit, and Plaintiff cannot proceed on his current claims in this matter as a

result.   Plaintiff is not entitled to Ruel 60(b) relief as such.

7.   Plaintiff also argues in his motion that he should now be allowed to proceed because,

after summary judgment was entered in this matter, he filed a new grievance raising the failure to

protect claim which he may or may not have appealed.   Plaintiff therefore requests leave to file a

new amended complaint and to proceed once more.   Plaintiff essentially admits in his motion that

he therefore did not exhaust his central claim until April 2019, when he filed the new grievance,

nearly three years *after* he filed suit.

8.   Unfortunately for Plaintiff, the exhaustion requirement of § 1997e cannot be satisfied

after filing suit.   As the statute itself provides, "no action [concerning prison conditions] shall be

brought . . . by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."   Exhaustion by its very nature must

therefore occur *before* the original complaint is filed – it is a *prerequisite* to filing a civil rights

complaint challenging an issue such as failure to protect in the prison context and this prerequisite

cannot be satisfied after a complaint is filed.   *See Woodford*, 548 U.S. at 84-85; *Ahmed*, 297 F.3d

at 209.   That a Plaintiff seeks to file an amended complaint either after he belatedly exhausts his

claims or after he would otherwise no longer be subject to the exhaustion requirement will not

save a case where the initial complaint was filed prior to the completion of exhaustion. *Ahmed*, 297 F.3d at 209-10. As it is clear that Plaintiff did not even attempt to exhaust his claims until April 2019, *after* summary judgment was granted in this matter, and as Plaintiff filed his initial complaint in this matter some three years earlier, he failed to comply with the exhaustion requirement prior to filing suit, and he may not proceed in this case regardless of his belated decision to exhaust. No amendment would fix this issue, *Id.*, and Plaintiff's proposed amendment would thus be futile. Plaintiff failed to exhaust his claim prior to filing his initial complaint in this matter, and he may therefore not proceed in this case. Plaintiff has failed to show that he is entitled to relief under Rule 60(b), and is not entitled to amend as any amendment would be futile and summary judgment has already been entered in this matter. Plaintiff's motion seeking Rule 60(b) relief and leave to file an amended complaint is therefore denied.

10. In conclusion, Plaintiff's motion seeking relief under Rule 60(b) and leave to file an amended complaint (ECF No. 100) is DENIED. An appropriate order follows.


Dated: August 8, 2019

<u>**s/ Susan D. Wigenton**</u>
Hon. Susan D. Wigenton,
United States District Judge